Ella Loyce GENTRY, Plaintiff,

v.

The BALTIMORE & OHIO RAILROAD
CO., Defendant.

United States District Court
S. D. New York.

Feb. 21, 1958.

Minot & Zasloff, New York City, for plaintiff. Herbert S. Minot, New York City, of counsel.

Robert Schwebel, New York City, for defendant. John C. Avery, New York City of counsel.

DAWSON, District Judge.

This is a motion made by defendant pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. in which summary judgment is sought dismissing the complaint on the ground that the action is barred by the applicable three year statute of limitations of the State of New York. Plaintiff, in resisting the motion urges that the four year statute of limitations of the State of Ohio, R.C. § 2305.09, the place where the alleged injury to her property occurred, is the correct limit of time within which to start this action. In addition, plaintiff advances the argument that defendant, in making a written offer to settle her claim, has acknowledged the debt and so tolled the running of either statute.

The following facts appear to exist without substantial controversy:

1. Plaintiff is a New York resident, owning real property in the State of Ohio.

2. Defendant is a railroad company with its principal offices in Maryland and a branch office in New York.

3. Defendant's trains run along tracks adjacent to land owned by plaintiff in Athens County, State of Ohio.

4. That on or about September 1, 1953, fire injured or destroyed property of plaintiff on lands owned by her in Athens County, Ohio.

5. That after the fire both plaintiff and defendant agreed to each appoint an appraiser, and that these two appraisers

in turn would select another, the three to place a value on the damaged property.

6. That on or about December 21, 1953, an appraisement of such damage at $200 was made. This amount was offered by defendant to plaintiff in full satisfaction of her claim, but was then and subsequently refused by her as an inadequate computation of loss.

7. That on August 13, 1957, plaintiff began this suit in this Court, alleging that such damage to her property was caused by the negligent operation of defendant's trains, and by the trespass of defendant's servants. Such damages are claimed to be in an amount of $10,000 for negligence and/or $30,000 for trespass.

■ Essentially, plaintiff's cause of action here is a common law tort claim, arising from defendant's negligence or trespass to her lands. In order to determine the applicable statute of limitations it is clear that this Court must apply the conflict of law rules of New York State. Erie Ry. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Electric Mfg. Co., 1940, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Warner v. Republic Steel Corp., D.C.S.D.N.Y.1952, 103 F.Supp. 998, 1004.

The New York conflict of laws rule with regard to the statute of limitations is stated in § 13 of the New York Civil Practice Act, which provides:

"§ 13. Limitation where cause of action arises outside of the state.

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply. * * *"

■ Resultantly the New York statute of limitations applies in this case. Plaintiff's causes of action are for recovery of damages for injury to real property, the first cause being based on negligence and the second alleging a trespass. The applicable New York statute of limitations is Civ.Prac.Act § 49:

"*Actions to be commenced within three years*

\* \* \* \* \* \*

"6. An action to recover damages for an injury to property, or a personal injury, resulting from negligence.

"7. An action to recover damages for an injury to property, except in the case where a different period is expressly prescribed in this article."

See also De Luca v. Atlantic Refining Co., 2d Cir., 1949, 176 F.2d 421, certiorari denied 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581. Since over three years passed from the time of the injury to the time this action was commenced, it appears that, in the absence of other considerations, the action is barred by the New York statute of limitations. The fact that plaintiff might have brought a timely action in Ohio under its statute of limitations may not be considered by this Court, since "if an action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose." Rest., Conflict of Laws, § 603.

■ Plaintiff, however, contends that defendant's letter of September 30, 1955 tolled the running of the statute of limitations by operation of New York Civ. Prac.Act, § 59. In that letter P. C. Garrott, General Claim Agent for the defendant, advised that his corporation, to settle the claim, would pay no more than the damages previously established by the joint impartial appraisers. Plaintiff has refused to accept this offer of settlement. Section 59 applies on its face to "an acknowledgment or promise contained in a writing" as constituting evidence of a "new or continuing contract."

Plaintiff by rejecting the offer obviously has made no contract. Furthermore, defendant was not making an acknowledgment of indebtedness nor a contract by an offer to settle a disputed claim.

It is the finding of the Court that plaintiff's claim is barred by the three year New York statute of limitations, the cause of action accruing September 1, 1953 and this action not being begun until August 13, 1957. Defendant's offers to settle the claim were no more than the usual offers made in any action, and not an acknowledgment of a debt sufficient to stop the running of the statute of limitations. Defendant's motion for summary judgment dismissing the complaint is therefore granted. So ordered.